RECEIVED

USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK

DATE _2_/_28_/_11_

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

TIMOTHY LYNN ALLEN

DOCKET NO. 10-CV-1898; SEC. P

VERSUS

JUDGE DEE D. DRELL

W. A. SHERROD, WARDEN

MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Pro se petitioner Timothy Lynn Allen filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is in the custody of the Federal Bureau of Prisons, and is incarcerated at the United States Penitentiary in Pollock, Louisiana (USP-P). He challenges the manner in which the Bureau of Prisons is computing his sentence, and he seeks a speedier release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DENIED AND DISMISSED.**

### Background

Petitioner was arrested on May 23, 2003, by Texas law enforcement officials on a firearms charge and for violation of parole. While in the custody of the Nueces County Sheriff, Petitioner was indicted by a federal grand jury of knowing possession of a firearm by a convicted felon. On or around December 30, 2003, Petitioner was transferred to the custody of the

United States Marshals Service (USMS) pursuant to a writ of habeas corpus ad prosequendum.  He was arraigned in the Southern District of Texas on January 6, 2004, and was convicted after a bench trial. On May 24, 2004, Petitioner was sentenced to ninety (90) months in the custody of the Bureau of Prisons, to be followed by three years of supervised release.  *U.S. v. Timothy Lynn Allen*, 2:03-cr-389 (SDTX) Docs. #1, 21, 36, 37).  Judgment was entered against him on May 28, 2004.  Petitioner did not file any post-conviction motions.

After sentencing in federal court, Petitioner was returned to Texas state custody.  On August 23, 2004, Petitioner's parole was revoked and he was sentenced to the remainder of his ten year term of imprisonment from which he had been paroled.  The state firearm charge was dismissed in lieu of the federal prosecution. Petitioner remained in state custody until he was paroled to USMS custody based on a federal detainer on **November 16, 2006**.  The USMS delivered Petitioner to a BOP facility for service of his federal sentence of ninety months.

Petitioner submitted an "Informal Resolution Form (BP-8) on May 17, 2010, seeking credit on his federal sentence for the time in which he was temporarily in BOP custody pursuant to the *writ of habeas corpus ad prosequendum*: from May 24, 2003 to May 26, 2004. His request was denied, noting that Petitioner was still officially in state custody during that time period. [Doc. #1, p.7]

Petitioner then filed a BP-9, which was denied by the warden

2

on June 18, 2010, explaining to Petitioner that he had remained in state custody from May 24, 2003 to May 26, 2004, as the federal court merely "borrowed" Petitioner pursuant to the provisions of the writ. [Doc. #1, p.9]

Petitioner appealed to the regional level, and his relief was denied there, as well. [Doc. #1, p.12-13] The Regional Director noted that, in Petitioner's case, a concurrent sentence would not be consistent with BOP policy or federal statute.  Moreover, the federal judgment and commitment order were silent as to whether the sentence should run consecutively or concurrent.[1]

### Law and Analysis

Allen is challenging the manner in which his sentence is being calculated, which is properly brought in a motion pursuant to 28 U.S.C. §2241.  See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. §2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration").

Petitioner seeks to have his federal sentence run concurrent to the state sentence or, alternatively, credit for the period of time he was temporarily in the custody of the BOP pursuant to a writ of habeas corpus ad prosequendum.  He argues that he was entitled to have the BOP consider his request to designate Nueces

_____

[1]It does not appear Petitioner properly appealed to the national level.

3

County Jail as the "place of confinement" for his federal sentence. He also argues that, since the federal sentence was silent on the issue, the BOP should have contacted Petitioner's sentencing judge regarding a nunc pro tunc designation.

## 1.   Prior litigation in sentencing court

Although this is Petitioner's first habeas petition, this is not the first time Petitioner seeks this type of relief.  In May of 2009, Petitioner filed a motion in the federal sentencing court seeking credit against his federal sentence for the time that he was "borrowed" pursuant to the writ. [2:03-cr-389 (SDTX) Doc. #40]. His motion was denied with reasons provided. [2:03-cr-389 (SDTX) Doc. #42] He filed another motion seeking the same or similar relief in July of 2009. [2:03-cr-389 (SDTX) Doc. #45] That request was also denied for the reasons previously provided. [2:03-cr-389 (SDTX) Doc #47] The sentencing court noted, in denying Petitioner's motion, that despite being aware of the pending state charges against Petitioner, the sentencing judge did not order that the federal sentence run concurrent to any state sentence that may be imposed later.

The Fifth Circuit has held that "[w]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different time, they will run consecutively **unless** the district court specifically orders that they run concurrently." <u>Free v. Miles</u>, 333 F.3d 550, 553 (5th Cir. 2003)(emphasis in

4

original)(citing 18 U.S.C. §3584(a)("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); see also Aldridge v. Wendt, 149 Fed. Appx. 253 (5th Cir. 2005). In Petitioner's case, the sentencing judge was silent on the issue, but the sentencing court thoroughly investigated the issue and concluded that concurrent sentences were inconsistent with the intent of the sentencing federal court or with the goals of the criminal justice system. [2:03-cr-389 (SDTX), Doc. #42, p.10]

## 2. Bureau of Prisons Program Statement

Program Statement 5160.05, Designation of State Institution Service of Federal Sentence, states when it has been determined an inmate was improperly committed to federal custody and primary jurisdiction resides solely with the state sovereign (i.e., the inmate was under jurisdiction of the federal sentencing court on the basis of a Writ of Habeas Corpus Ad Prosequendum), institution staff shall make every effort to return the inmate to state custody. A return to the state means the federal sentence should be considered as not having commenced, since transfer to the Bureau of Prisons was in error and the prisoner should have been returned to the state after federal sentencing as a required condition of the federal writ. See Green v. Childress, 2006 WL 2933843 (EDTX 2006)(unreported)(citing Crawford v. Jackson, 589 F.2d 693 (D.C.Cir. 1978). The federal Judgment in a Criminal Case is then

lodged as a detainer, through the USMS, with the state authorities.

### 3.  Writ of Habeas Corpus ad Prosequendum

A *writ of habeas corpus ad prosequendum* did not deprive the state authorities of jurisdiction over Petitioner.  Such a writ permits one sovereign (the federal government in this case) to temporarily "borrow" a person in the custody of another sovereign (the Texas state government in this case) for the purpose of prosecuting him.  The writ permits the receiving sovereign to perform such acts as indicting, arraigning, trying and sentencing the person.  See Flick v. Bevins, 887 F.2d 778, 781 (7th Cir. 1989) (per curiam).  **As the receiving jurisdiction merely obtains limited jurisdiction over the person, the person remains under the jurisdiction and in the custody of the sending sovereign.  A prisoner is not entitled to credit towards a federal sentence for the time spent in a federal detention center under a *writ of habeas corpus ad prosequendum* if the prisoner received credit for such time on his state sentence.**  See Vignera v. Attorney General of the United States, 455 F.2d 637, 638 (5th Cir. 1972).  Petitioner does not contend he did not receive credit towards his state sentence for the period he spent in federal custody pursuant to a *writ of habeas corpus ad prosequendum.*

### 4.  Nunc pro tunc

To the extent that Petitioner asserts the Bureau of Prisons erred in refusing to make a nunc pro tunc designation of his state

institution as the place at which his federal sentence was being served, he fails to state a claim for which relief can be granted. The decision as to whether to grant such a designation is within the discretion of the Bureau of Prisons. See United States v. Wilson, 503 U.S. 329, 331-32 (1992)(holding that the Attorney General, through the Bureau of Prisons, determines if credit will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences). In this case, after considering petitioner's administrative grievance, the Bureau exercised its discretion to deny Petitioner's request for a nunc pro tunc designation. [Doc. #1, p.12] It is clear that the federal sentencing court that intended for petitioner to serve his sentence consecutive to his state sentence [2:03-cr-389 (SDTX), Doc. #42], so this decision was within the Bureau's discretion, see Rodriguez v. Pitzer, No. 03-40040 (5th Cir. Aug. 7, 2003) (holding that in the absence of any intent by the federal sentencing court that the sentences run concurrently, the Bureau of Prisons acts within its discretion in refusing a request for a nunc pro tunc designation).

Therefore,

For the forgoing reasons, and the reasons stated by the sentencing court in the Southern District of Texas, Docket number 2:03-cr-389, Doc. #42, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED.**

7

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 28th day of February, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

8